IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY LLOYD CHESTERMAN, | CV 24-26-BLG-DWM |
| Petitioner, | |
| vs. | ORDER |
| PETE BLUDWORTH, WARDEN OF CROSSROADS CORRECTIONAL CENTER and AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OR MONTANA, | |
| Respondents. | |

On February 27, 2024, state pro se prisoner Timothy Lloyd Chesterman

("Chesterman") filed an application seeking habeas corpus relief pursuant to 28

U.S.C. § 2254. *See* (Doc. 1 at 8); *see also Houston v. Lack*, 487 U.S. 266, 276

(1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at

the time…[it is] delivered to the prison authorities for forwarding to the court

clerk.")

All actions brought by prisoners who seek relief must be screened. 28 U.S.C.

§ 1915(a). A habeas petition or portion thereof in which the prisoner raises claims

that are legally frivolous or fails to state a basis upon which relief may be granted

must be dismissed. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a

1

habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

Chesterman previously filed a federal habeas petition that was dismissed on January 19, 2024. *See Chesterman v. Salmonsen*, Cause No. CV 23-117-BLG-SPW (D. Mont. Jan. 19, 2024). In that Order, Chesterman was informed that he must properly exhaust his federal constitutional claims before he may proceed here. *Id.* Despite this directive, Chesterman filed a successive habeas petition. Chesterman's claims remain unexhausted, and the matter is dismissed without prejudice.

## I. Background

Chesterman was charged in Montana's Thirteenth Judicial District, Yellowstone County, with four counts of Intimidation; he entered guilty pleas. (Doc. 1 at 3.) On August 30, 2022, the state district court determined Chesterman had violated the terms and conditions of its July 2022 Release Order and found there were sufficient grounds for the State to withdraw from the plea agreement. The plea agreement apparently called for a 5-year commitment to the Montana Department of Corrections, with all time suspended, on each of the four counts. Following Chesterman's violations and the State's withdrawal from the plea agreement, the state district court committed Chesterman to the Montana Department of Corrections for 10-years, with 5 of the years suspended, on each

count.  All counts were ordered to run concurrently.  *See e.g.,* (Doc. 1 at 4, ¶ 13A).

Chesterman then sought relief from the Montana Sentence Review Division.  (Doc.

1 at 3.)  On May 30, 2023, the Sentence Review Division affirmed Chesterman's

sentence.[1]

Chesterman acknowledges that he has not appealed his conviction or

sentence to the Montana Supreme Court, nor has he sought state postconviction

relief.  (Doc. 1 at 3-4.)  Chesterman states he filed a petition for postconviction

relief in the state court, but he provides the case number for his underlying criminal

case.  (*Id.*)  The Court has independently reviewed the docket from Chesterman's

criminal proceedings, *see Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)

(proceedings, orders, and filings in other courts, including state courts, are the

proper subject of judicial notice when directly related to the case at issue), and the

state court docket does not show that a petition for postconviction relief has been

filed.[2]

Chesterman alleges he is currently serving an illegal sentence, due to the

State withdrawing from the plea agreement.  (Doc. 1 at 4, ¶ 13A.)  He also claims

that after his sentence review hearing he was supposed to be transported back to

Yellowstone County to withdraw his guilty pleas, but instead was taken to the

_____

[1] A copy of this decision will be attached as an exhibit to this Order.

[2] A copy of the state court docket will be attached as an exhibit to this Order.

Montana State Prison and then transferred to Crossroads Correctional Center. (*Id.* at 5, ¶ 13B.) Chesterman suggests that his underlying offenses were overcharged as felonies and that the State coerced him into entering illegal guilty pleas. (*Id.* at 6, ¶ 14.) Chesterman asks to be transported back to Yellowstone County to appear before the state district court and that an attorney be appointed to represent him. (*Id.* at 7, ¶ 16.)

## II.    Analysis

As a preliminary matter, federal habeas relief is available only for a violation of federal constitutional rights. *See* 28 U.S.C. § 2254(a); *see also Middleton v. Cupp*, 768 F. 2d 1083, 1085 (9th Cir. 1985) (habeas relief unavailable for alleged error under state law). As his petition stands, Chesterman has not identified a federal constitutional violation. To the extent that Chesterman's claims could be construed as cognizable federal claims, each claim is currently unexhausted. There is no indication that the state courts have considered the claims Chesterman presents.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in

the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion-of-state-
remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy
of federal-state comity, an accommodation of our federal system designed to give
the State an initial opportunity to pass upon and correct alleged violations of its
prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal
quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies
available" through the state's established procedures for appellate review,
*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal
theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir.
2008), and (3) describe "the operative facts . . . necessary to give application to the
constitutional principle upon which the petitioner relies." *Id., see also Gray v.
Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs
of the test in one proceeding. "Mere 'general appeals to broad constitutional
principles, such as due process, equal protection, and the right to a fair trial,' do not
establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, *cert. denied*, 546
U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered the
claims Chesterman attempts to advance. He must present the same claims to the
state courts, in a procedurally appropriate manner, and give them one full

5

opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Chesterman has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is **without prejudice**, allowing Chesterman to return to this Court if and when he fully exhausts the claim relative to his current custody.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Chesterman has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted,

reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, IT IS ORDERED that:

1. Chesterman's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court is directed to file a copy of the Montana Sentence Review Division's decision in *State v. Chesterman*, Cause No. DC-56-2021-0001596-IN, issued May 30, 2023, as an exhibit to this Order.

3. The Clerk of Court is directed to file a copy of the Yellowstone District Court's docket sheet in *State v. Chesterman*, Cause No. DC-56-2021-0001596-IN, as an exhibit to this Order.

4. The Clerk of Court is directed to enter a judgment of dismissal.

5. A certificate of appealability is DENIED.

DATED this __10th__ day of June, 2024.

Donald W. Molloy, District Judge
United States District Court